J-A06013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELROY WISE | : | |
| | : | |
| Appellant | : | No. 426 WDA 2023 |

Appeal from the PCRA Order Entered February 22, 2023
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000440-2020

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED: MARCH 18, 2024**

Elroy Wise appeals[1] from the order, entered in the Court of Common

Pleas of Blair County, dismissing his petition filed pursuant to the Post

---

[1] Wise appeals from the February 22, 2023 order dismissing his PCRA petition. His *pro se* notice of appeal was dated March 17, 2023, but it was not filed until March 31, 2023. Pennsylvania Rule of Appellate Procedure 903(a) requires appellants to file notices of appeal within thirty days after the entry of the order from which the appeal is taken. However, Pa.R.A.P. 121(f), titled "Date of filing for incarcerated persons," provides:

> A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

Pa.R.A.P. 121(f). ***See also Commonwealth v. Jones***, 700 A.2d 423 (Pa. 1997) (*pro se* prisoners' appeals deemed filed as of the date they deliver them to prison authorities for mailing).

*(Footnote Continued Next Page)*

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Counsel has filed an **Anders**[2] brief and an application to withdraw as counsel. Upon careful review, we affirm the order of the PCRA court and grant counsel's application to withdraw.

On November 5, 2021, Wise entered a negotiated plea of guilty to numerous drug-trafficking-related crimes. That same day, the trial court sentenced him to the agreed-upon term of 20 to 40 years' incarceration and found him eligible for the Recidivism Risk Reduction Incentive Program. Wise filed neither post-sentence motions nor a direct appeal.

_____

As Wise's notice of appeal was facially untimely and no documentation was attached to establish the date the notice of appeal was delivered to prison authorities, this Court entered an order on May 16, 2023, directing counsel to show cause as to why the appeal should not be quashed as untimely. Counsel filed a response on June 15, 2023, attached to which was an affidavit from Wise indicating that he delivered his notice of appeal to prison authorities on March 17, 2023, but could not provide a copy of the cash slip because he used a "free allotted without cost pre-paid postage" envelope.

Applying Rule 121(f) here, we conclude that Wise's affidavit constitutes "reasonably verifiable evidence" of the date his notice of appeal was delivered to the prison authorities for purposes of mailing. As this was within thirty days of the issuance of the order dismissing his PCRA petition, we deem Wise's notice of appeal timely filed.

[2] Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), apparently in the mistaken belief that an **Anders** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A **Turner**/**Finley** "no-merit" letter, however, is the appropriate filing. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc ). Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter. **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

On October 3, 2022, Wise filed a timely, *pro se*, PCRA petition. The PCRA court appointed counsel, granting him 60 days to file an amended petition. After speaking with Wise, counsel did not file an amended petition, as the issue Wise wished to raise was included in his *pro se* petition.[3]

_____

[3] At the PCRA hearing, the PCRA court and PCRA counsel engaged in the following exchange:

> [THE COURT: T]his is the date and time that was set aside to litigate the [PCRA] proceeding that was filed by the Defendant and then updated[] by yourself[,] Attorney Puskar[,] correct?
>
> ATTORNEY PUSKAR: No, your Honor[,] I did not file any amendments.
>
> JUDGE BERNARD: Oh, you did not.
>
> ATTORNEY PUSKAR: No.
>
> JUDGE BERNARD: Okay.
>
> ATTORNEY PUSKAR: The only witness I have[,] Your Honor[,] is Mr. Wise. But to set the stage a little bit, Your Honor conducted admittedly a very extensive colloquy on this case prior to sentencing. But there were [] discussions about the forms. There was a lot of discussions about the sentence. I am going to have Mr. Wise testify to what he believed [to be the meaning of the excerpt from his sentencing order] found on page five of his petition. That is why there is no amendment. Mr. Wise agrees that is the only issue he wants to raise.
>
> JUDGE BERNARD: Okay, and what is the issue that he wants to raise? If you had to frame it, what would you frame it as?
>
> ATTORNEY PUSKAR: [ "W]ill you please take 18 months off of my sentence.["]
>
> JUDGE BERNARD: Oh, and what is the bas[i]s for the request for 18 months?

*(Footnote Continued Next Page)*

- 3 -

Specifically, Wise claimed that his plea was not knowing, voluntary, and intelligent because it was induced with a promise that his sentence would run concurrently with any back time subsequently imposed by the Parole Board as a result of his new conviction. He asserted that plea counsel was ineffective "for failing to object when [Wise] was induced to plead guilty on an unenforceable promise." *Pro Se* PCRA Petition, 10/3/22, at 6.

On January 17, 2023, the court held a hearing, at which Wise and his plea counsel, Ronald McGlaughlin, Esquire, testified. Thereafter, on February 22, 2023, the PCRA court issued an order denying relief. Wise filed a timely notice of appeal, after which the PCRA court appointed current counsel, Mark Zearfus, Esquire, to represent him. In lieu of a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Attorney Zearfus submitted a Rule 1925(c)(4) statement of intent to file an **Anders** brief.

Prior to reviewing the merits of Wise's claim, we must address counsel's motion to withdraw. Where counsel seeks to withdraw from PCRA representation, our Supreme Court has stated that independent review of the record by competent counsel is required before withdrawal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Such

---

ATTORNEY PUSKAR: That [] he was under the impression—well[,] I will allow him to explain. But he was under the impression that it was to be run concurrently [to his parole back time].

N.T. PCRA Hearing, 1/17/23, at 5-6.

independent review requires proof of: (1) a "no-merit" letter by PCRA counsel detailing the nature and extent of his review; (2) a "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed; (3) PCRA counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless; (4) independent review of the record by the PCRA or appellate court; and (5) agreement by the PCRA or appellate court that the petition was meritless. **Id.**

In **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006),[4] this Court imposed an additional requirement for counsel seeking to withdraw from collateral proceedings:

> PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that . . . he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

**Id.** at 614. **See also Commonwealth v. Muzzy**, 141 A.3d 509, 512 (Pa. Super. 2016) (clarifying that "in an appeal from the denial of a PCRA petition, if counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client, *inter alia*, shall inform the PCRA petitioner that **upon the**

---

[4] This Court's holding in **Friend** was subsequently overruled on other grounds by the Supreme Court in **Pitts**, **supra**. However, the additional requirement that counsel provide copies of the relevant documentation to the petitioner remains intact. **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011).

**filing of counsel's petition to withdraw**, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel.") (emphasis in original).

Here, counsel has substantially complied with the **Turner**/**Finley** and **Friend** requirements. Counsel has detailed the nature and extent of his review, served a copy of his application to withdraw and brief upon Wise and informed him of his right to proceed *pro se* or with privately retained counsel,[5] raised Wise's issues in the form of a brief addressed to this Court, and explained why those claims are meritless. Counsel having substantially satisfied the procedural requirements for withdrawal, we now turn to an independent review of the record to determine whether his claim merits relief.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id.** The PCRA court's credibility determinations are binding on this Court where the record supports those determinations. **Widgins**, 29 A.3d at 820.

---

[5] Wise has not raised any additional issues, either *pro se* or through private counsel.

As stated above, Wise asserts that his plea was not knowing, voluntary, and intelligent because he was induced by counsel to enter a plea with an illusory promise that his back time would be ordered to run concurrently with his sentence in the instant case. He is entitled to no relief.

For purposes of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Where a petitioner fails to challenge the voluntariness of his plea on direct appeal, any claims that counsel was ineffective for coercing him to enter a plea are waived for purposes of the PCRA. *See Commonwealth v. Johnson*, 179 A.3d 1153, 1159 (Pa. Super. 2018). Here, Wise did not file a direct appeal challenging the voluntariness of his plea. Accordingly, he has waived all claims related thereto on collateral review.

Even if not waived, his claim is meritless. Wise testified as follows at his PCRA hearing:

> Q: Did Attorney McGlaughlin ever tell you that part of the plea agreement was a promise from the Commonwealth or from Judge Bernard that your 20-40 year sentence would [run] concurrent to a future parole back[ hit].
>
> A: No.
>
> Q: And do you remember when you entered your guilty plea at this case, Judge Bernard asking you a number of questions and you answering them?
>
> A: Yeah, yes.
>
> Q: And nowhere in that conversation did [] the [c]ourt state that the plea agreement included a promise that the sentence of 20-

40 years at docket 440[] would run concurrent to future parole that you would receive; correct?

A:  Correct.

Q:  And do you remember completing a written guilty plea colloquy form with Attorney McGlaughlin before you entered your guilty plea?

A:  Yes.

* * *

Q:  Okay.  Would you agree then, that nowhere in that form does it state that the plea agreement included a promise that your 20-40[-]year sentence would run concurrent with any future parole hit you would receive.

A:  No, it didn't.

Q:  And do you remember during your guilty plea in sentencing the attorney for the Commonwealth stating that there was no promise or nothing that the Commonwealth could do, or the [c]ourt could do[,] to control what happened with your parole hit sentence?

A:  Uh, yes something like that.  I am pretty sure I remember something like that.

Q:  Okay.  So[,] as I understand it[,] Mr. Wise, then you are agreeing that there wasn't any promise or any plea agreement that your 20-40[-]year sentence would run concurrent with your parole hit.  You are just asking[,] for lack of a better term, sort as of a favor or of—act of grace or some sort of possibility of Judge Bernard could run that [] 20-40[-]year sentence concurrent with that parole hit?

A:  Uh, yes.  I guess, I guess—I hear, I guess that is what I am doing.

* * *

Q: And I know that you have quoted from [your sentencing order] in your PCRA petition.  But would you agree with me that, what Judge Bernard said was, ["t]he [c]ourt also notes that the Commonwealth, this date, is suggesting that any probation/parole sentence that the Defendant were to receive as a result of his convictions herein, should run concurrent to his sentence

particularly in light of the length of his sentence[."] In other words—

A: Yeah.

Q: [T]he Court was just indicating that the Commonwealth wasn't opposing the sentences running concurrently if that was possible. Is that a fair summary?

A: Yes, yeah I understand it now. Uh, yes.

N.T. PCRA Hearing, 1/17/23, at 12-15.

Wise's plea counsel, Attorney McGlaughlin, also confirmed that Wise was not promised that his parole revocation sentence would run concurrently to his sentence in the instant case:

Q: Did the plea agreement in case 440 of 2020 include a promise that the 20-40[-]year sentence would run concurrent to a future parole back hit?

A: No, although I would say that I discussed this matter with [] Mr. [Madeira] from the Attorney General's Office and was able— actually to convince him or he agreed to put on record the Commonwealth[']s position as it—I think referenced any kind of subsequent parole hit. I knew that Mr. Wise was facing a potential parole hit. He and I had discussions pertaining to that. I discussed with Mr. [Madeira] whether he would be willing to place on the record in a non[-]binding fashion but at least on the record so that parole can see the Commonwealth[']s position. That position being, that the Commonwealth had no objection to any parole hit being run concurrent to the [] 20-40[-]year sentence that we have negotiated. And Mr. [Madeira] did put that on, I reviewed the Sentencing Order and the transcript of that. And I think it is pretty clear that Mr. [Madeira] said, he couldn't make any specific promises but basically the position of the Commonwealth was, just what I indicated[: t]hat the Commonwealth would be in agreement that any [parole revocation sentence] would run concurrent . . . to the parole board.

*Id.* at 21-22.

In light of the foregoing, the PCRA court did not err in dismissing Wise's PCRA petition.

Order affirmed. Application to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

FILED: <u>3/18/2024</u>